IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE MAURICIO MORUA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. H-05-390 |
| | § | Criminal Action No. H-02-572-8 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |
| | § | |

## ORDER

Pending before the Court are the Motion Under 28 U.S.C. 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Civil Document No. 1, Criminal Document No. 529) filed by Jose Mauricio Morua, and the Response to Motion for Relief Under 28 U.S.C. § 2255 and Motion to Dismiss (Criminal Document No. 540) filed by the United States of America. Having considered the motions, submissions, and applicable law, the Court determines that Jose Mauricio Morua's motion should be denied, and the United States' motion should be granted.

## BACKGROUND

On December 2, 2002, Defendant Jose Mauricio Morua ("Morua"), was charged by a second superseding indictment with conspiracy to possess with the intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, aiding and

abetting the possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2, conspiracy to launder monetary instruments in violation of 18 U.S.C. §§ 1956(a)(1)(A), (a)(1)(B), and (h), and aiding and abetting the laundering of monetary instruments in violation of 18 U.S.C. §§ 2 and 1956(a)(1)(A)(i).

On July 17, 2003, pursuant to a plea agreement signed by both Morua and his attorney, Morua pled guilty to the charges of aiding and abetting the possession with intent to distribute 500 grams or more of cocaine, conspiracy to launder monetary instruments, and aiding and abetting the laundering of monetary instruments. In his plea agreement with the United States, Morua agreed to waive: (1) his right to appeal the conviction either directly or collaterally; (2) his right to appeal either directly or collaterally the manner his sentence was determined under 18 U.S.C. § 3742; and (3) his "right to contest or 'collaterally attack' the conviction and sentence by means of any post-conviction proceeding and appeal," including motions pursuant to 28 U.S.C. § 2255. Morua reserved the right to directly appeal only: (1) any sentence above the statutory maximum; and (2) any upward departure from the United States Sentencing Guidelines ("Guidelines"). In exchange for Morua's plea of guilty, the United States

dismissed the remaining charge of conspiracy to possess with the intent to distribute cocaine.[1]

On February 2, 2004, the Court sentenced Morua to 324 months for aiding and abetting the possession with intent to distribute 500 grams or more of cocaine, and 240 months for conspiracy to launder monetary instruments, and aiding and abetting the laundering of monetary instruments. The Court ordered all terms to run concurrently.[2] On February 7, 2005, Morua filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. In his § 2255 motion, Morua seeks resentencing, and advances various ineffective assistance of counsel arguments. On March 31, 2005, the United States filed its response and moved to dismiss Morua's petition contending Morua's plea agreement bars § 2255 relief, and that Morua's counsel was not ineffective.

## STANDARD OF REVIEW

In order to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 a petitioner must clear a "significantly higher hurdle" than would be required on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). This higher hurdle requires

---

[1] Morua did not file a direct appeal of his conviction or sentence.

[2] The 324 month sentence Morua received is below the statutory maximum and within the range set by the Guidelines for the crimes to which he pled guilty.

a petitioner to show both "cause" and "actual prejudice." *Id.* at 167; *see also United States v. Acklen*, 47 F.3d 739, 741-42 (5th Cir. 1995). A petitioner must show "cause" to explain the reason why the appeal was not made originally at trial or on direct appeal, and that there has been "actual prejudice" suffered from the alleged errors. *Frady*, 456 U.S. at 168.

To prove "cause" a petitioner must show that an external obstacle prevented them from raising their claims either at trial or on direct appeal. *See McCleskey v. Zant*, 499 U.S. 467, 497-98 (1991). To prove "actual prejudice" the petitioner must show that they have suffered an actual and substantial disadvantage. *Frady*, 456 U.S. at 170. When applying the "cause" and "actual prejudice" standard, motions to vacate sentences "may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1991). Ineffective assistance of counsel, if shown and applicable, will satisfy to demonstrate the requisite cause and prejudice. *See Acklen*, 47 F.3d at 742.

## LAW & ANALYSIS

A.  *Waiver*

The United States argues that the Court should not address the merits of Morua's claims because Morua waived his right to collaterally attack his sentence. A defendant

can waive his right to file for relief under § 2255. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). In order for a waiver of § 2255 relief to be effective, it must be an informed and voluntary decision on the part of the accused. *Id.* (stating "[A]n informed and voluntary waiver of post-conviction relief is effective to bar such relief."). Thus, as a general rule, an informed and voluntary waiver of § 2255 relief will be enforced. *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).

Furthermore, declarations made in open court carry a strong presumption of truth. *Moya v. Estelle*, 696 F.2d 329, 332 (5th Cir. 1983) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Those declarations, especially when related to the plea agreement and waiver, are a "formidable barrier" to collateral attack by the defendant. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). The burden rests with the petitioner to demonstrate to the Court that he is entitled to habeas relief. *See Moya*, 696 F.2d at 332.

In his plea agreement, Morua waived his right to collaterally attack his conviction or sentence, specifically his right to § 2255 review. The waiver portion of the agreement was bolded and underlined. The addendums to the written agreement explicitly state that Morua understood the agreement, its terms, and implications. In addition, the addendums and the agreement itself indicate that Morua's entrance into the agreement was free and voluntary. The agreement further states that Morua was

adequately counseled throughout the plea negotiations. At his sentencing, the Court made several inquiries of Morua regarding his plea agreement. In response to the Court's questioning, Morua stated he understood the details of his plea agreement, including the waiver of his right to appeal or collaterally attack his sentence, understood the terms of the plea agreement, and had not been threatened or coerced into pleading guilty.

Morua's oral statements and actions in open court demonstrate he voluntarily entered into his plea agreement and therefore waived his right to collaterally attack his sentence. *See Cervantes*, 132 F.3d at 1110. Moreover, the clear, bolded, underlined text of the agreement signed by Morua demonstrates that he understood the waiver and entered into it freely. The addendums to the plea agreement further illustrate that Morua knew the terms of the agreement and entered into it voluntarily.

Because Morua signed the plea agreement that waived post-conviction relief, including § 2255 relief, and stated in open court that he understood the agreement and entered into it voluntarily, the Court determines Morua waived his right to post-conviction relief. *See White*, 307 F.3d at 343. Thus, the waiver in the plea agreement is enforceable and acts as a bar to the instant motion.

B.    *Effect of an Ineffective Assistance of Counsel Claim on Morua's Waiver*

6

Although Morua waived his right to post-conviction relief, a claim of ineffective assistance of counsel may survive such a waiver if the ineffectiveness of counsel directly affects the validity of the waiver or the plea itself. *See White*, 307 F.3d at 342-43. Specifically, if counsel induced the defendant to enter into a plea agreement unknowingly or involuntarily, then the defendant is afforded the right to seek post-conviction relief from that agreement even if he waived his right to seek such relief in the agreement. *See id.* However, ineffective assistance of counsel allegations that do not question the validity of the waiver, or the plea itself, are barred as a result of the waiver of post-conviction relief. *See id.*

Here, Morua makes no allegation that ineffective assistance of counsel induced him to enter into the plea agreement unknowingly or involuntarily. Rather, Morua alleges his counsel was ineffective at sentencing (*e.g.*, alleged failures to object) and in obtaining an appeal. Because Morua fails to demonstrate how ineffective assistance of counsel affected the validity of the plea agreement itself, Morua's waiver of post-conviction relief is valid and his claims of ineffective assistance of counsel are barred. *See id.* Nevertheless, the Court will examine the merits of Morua's claims.

C.   *Specific Allegations of Ineffective Assistance of Counsel*

Morua's ineffective assistance of counsel allegations can be grouped into three

7

categories.³  First, Morua alleges that his attorney failed to object to the sentence enhancement based on the judicially found quantities of drugs and laundered money attributed to him in the Presentence Report ("PSR").  Second, he alleges that his attorney failed to object to the method by which the Guidelines were applied at sentencing.  Third, Morua alleges his attorney failed to appeal his conviction.

To prevail on a claim of ineffective assistance of counsel, the petitioner must show that his counsel erred, and that "counsel's errors were so serious as to deprive the defendant of a fair trial." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Under *Strickland*, a petitioner must establish that: (1) his counsel's performance was deficient and (2) that this deficiency prejudiced his defense.  *Id.*  For counsel to be considered "deficient," the petitioner must show that his attorney's representation fell below an objective standard of reasonableness.  *Id.* at 688.  In short, to establish deficiency one must demonstrate that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.*  When examining representation for deficiency, "[j]udicial scrutiny of counsel's performance must be highly deferential."  *Id.* at 689.  A petitioner must overcome a strong presumption of reasonably adequate performance by his attorney in order to prove deficiency.  *United*

---

³The Court will examine Morua's eight allegations in the three categories of ineffective assistance of counsel arguments Morua appears to be making.

*States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996). Conclusory allegations by a petitioner will not surmount the presumptions that counsel performed adequately. *See Sayre v. Anderson*, 238 F.3d 631, 636 (5th Cir. 2001). Furthermore, "[t]he determination whether the performance of counsel was deficient is based upon the law as it existed at the time of trial." *Lucas v. Johnson*, 132 F.3d 1069, 1078 (5th Cir. 1998) (citing *Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993)). "[C]ounsel is not required to anticipate subsequent developments in the law." *Id.* at 1078-79.

To demonstrate the requisite prejudice required to establish the second prong of the *Strickland* test, a petitioner must show that but for the deficiency in representation, "there is a reasonable probability that the result of the proceeding would have been different." *Ramirez v. Dretke*, 398 F.3d 691, 698 (5th Cir. 2005). The mere possibility of prejudice does not satisfy petitioner's burden under the second prong of the *Strickland* test. *Kunkle v. Dretke*, 352 F.3d 980, 991 (5th Cir. 2003). Conclusory allegations by a petitioner will also not surmount the presumption that no prejudice occurred. *See Sayre*, 238 F.3d at 636. The Court will address each of Morua's ineffective assistance of counsel arguments in turn.

1. **Failure to Object to the Facts in the PSR at Sentencing**

Morua first contends that his counsel was ineffective for failing to make

9

*Apprendi/Booker* objections to the judicially found amounts of drugs and proceeds attributed to Morua in the PSR and used to enhance his sentence.[4] He argues that because his sentence may have used facts that he did not admit nor were found by a jury, his sentence violates his Sixth Amendment right to a trial by jury. *Apprendi/Booker* objections rely on the language of *Apprendi* which states that, with limited exceptions, "any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt," or admitted by the defendant. *Apprendi*, 530 U.S. at 490 (emphasis added).

However, at the time of Morua's sentencing, the United States Court of Appeals for the Fifth Circuit jurisprudence held *Apprendi/Booker* challenges inapplicable to sentence enhancements.[5] The Fifth Circuit "expressly rejected the argument that *Apprendi* applies to enhancements based upon the sentencing guidelines, whether tied to quantity or some other relevant fact, which do not cause the sentence to exceed the statutory range authorized." *United States v. Clinton*, 256 F.3d 311, 314 (5th Cir.

---

[4]*See United States v. Booker*, 125 S. Ct. 738 (2005); *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[5]Allegations of deficiency of counsel are based on the law as it existed at the time of the alleged deficiency. *See Lucas*, 132 F.3d at 1078. Thus, Morua's allegations will be analyzed based on the existing law as of February 2, 2004, the date of his sentencing.

2001). Thus, an objection to sentence enhancements based on the judicially found quantity of drugs or laundered money would have been futile.[6] Because the objection would have been futile, Morua's attorney did not act deficiently. *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (stating that an attorney is not required to make futile objections in order to fulfill his duty of adequate representation).

Morua's attorney's failure to object to the facts in the PSR does not raise an *Apprendi/Booker* issues because Morua's sentence did not exceed the statutory maximum. *See United States v. Doggett*, 230 F.3d 160, 165 (5th Cir. 2000). Thus, Morua's attorney had no duty to make *Apprendi/Booker* objections to the sentence imposed. Moreover, Morua has demonstrated neither deficiency of counsel nor proffered evidence to establish prejudice. Therefore, the Court finds no ineffective assistance of counsel based on a failure to object on *Apprendi/Booker* grounds.

In addition, Morua's claim that his attorney was ineffective for not preserving

---

[6] Morua alleges in his Movant's Reply to Government's Response (Civil Document No. 2, Criminal Document No. 547) that *Booker* is retroactive. This allegation is misguided. Though not yet addressed by the Fifth Circuit, it is clear that *Booker* is a new procedural rule which does not meet the requirements of retroactivity set forth in *Teague v. Lane*, 489 U.S. 288, 301 (1989). *See Booker*, 124 S. Ct. at 769 (stating that *Booker* should be applied "to all cases on *direct* review" (emphasis added)); *Humphress v. United States*, 398 F.3d 855, 863 (6th Cir. 2005) (holding *Booker* does not apply retroactively to cases on initial collateral review); *United States v. Runnels*, No. CR. C-02-132(1), C.A. C-05-312, 2005 WL 1607413, at *4 (S.D. Tex. July 5, 2005) (holding that *Booker* is not retroactive on initial collateral review); *see also In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005) (holding that *Booker* is not retroactive on successive collateral reviews).

Morua's ability to appeal the facts in the PSR in accordance with Rule 32 of the Federal Rules of Criminal Procedure is equally without merit. Morua's attorney had no duty to preserve this right to appeal the sentence enhancements because Morua waived his right to appeal in his plea agreement. Further, Morua makes no contention that the facts in the PSR were untrue or should have otherwise been objected to (other than on *Apprendi/Booker* grounds). Thus, Morua has not demonstrated the required deficiency under *Strickland*.

2. **Failure to Object to the Sentencing Guideline Methods Used at Sentencing**

Morua next contends that ineffective assistance of counsel occurred because his attorney did not object to the alleged improper grouping of the offenses, or to the base level increase for Morua's "supervisory" role, and did not seek a downward departure for Morua being a "courier" in the trafficking. A reading of the applicable Guideline sections demonstrates that the Court properly applied the Guidelines to reach Morua's sentence given his actions and history. Morua's attorney had no duty to object to the correctly applied guidelines because making futile objections is not necessary for adequate representation. *See Koch*, 907 F.2d at 527. Thus, there was no "deficiency" under the *Strickland* test, and Morua does not demonstrate ineffective assistance of counsel under *Strickland*. *See Strickland*, 466 U.S. at 688-89.

Nor was there any prejudice. Assuming, *arguendo*, that Morua's attorney could have objected to the Guideline applications at sentencing, this would not have risen to the level of prejudice required by the *Strickland* test. Had Morua's attorney objected to the Guideline application, there is no evidence to suggest the Court would have ruled in Morua's favor and imposed a different sentence. Thus, Morua cannot carry his burden to demonstrate prejudice, and therefore cannot satisfy the *Strickland* test to establish ineffective assistance of counsel for the alleged errors in Guideline application.

3. **Failure to Secure an Appeal of Morua's Conviction**

Morua also alleges ineffective assistance of counsel because his attorney did not file an appeal as Morua requested. A modified *Strickland* test applies for allegations concerning a denied right to appeal. *See United States v. Gipson*, 985 F.2d 212, 215 (5th Cir. 1993). A petitioner must still show that the deficient assistance of counsel deprived him of the right to appeal. *Id.* However, under this modified test, prejudice is presumed once deficiency is shown. *Id.* The burden still rests with the petitioner to demonstrate he is entitled to habeas relief. *See Moya*, 696 F.2d at 332. Conclusory allegations are not adequate evidence to establish counsel performed deficiently. *See Sayre*, 238 F.3d at 636.

Morua makes no proffer of evidence that he actually sought an appeal and was

13

frustrated by his attorney's deficiency. Morua's conclusory statement that he requested an appeal will not surmount the presumption that his attorney acted prudently. *See Sayre*, 238 F.3d at 636. Morua did not produce any affidavits, witnesses, or other testimony as evidence that he requested an appeal. *See id*; *see also Brown v. Johnson*, 224 F.3d 461, 464 (5th Cir. 2000). Such evidence would support Morua's unsubstantiated allegations; however, without such evidence, Morua's conclusory statements that he requested an appeal are insufficient to demonstrate that he did in fact request an appeal and his attorney ignored that request. *See Sayre*, 238 F.3d at 636. It is Morua's burden to demonstrate deficiency in representation, and he cannot meet this burden. *See Moya*, 696 F.2d at 332. Therefore, Morua's claim of ineffective assistance of counsel based on his attorney's failure to appeal is without merit.

Even in totality, all of the allegations put forth by Morua do not establish ineffective assistance of counsel. Morua's attorney acted adequately during Morua's trial, sentencing, and thereafter. Morua demonstrates no occasion where his attorney was deficient in his representation. In addition, Morua has made no real proffer on any of his claims that his conviction or sentence would have turned out differently given his challenges. Taken as a whole, Morua's attorney's representation was adequate and did not cause Morua to suffer an unfavorable result.

## CONCLUSION

Morua waived his § 2255 rights in the plea agreement. His claims of ineffective assistance of counsel during sentencing and thereafter fail to survive the waiver. Assuming, *arguendo*, that Morua's claims of ineffective assistance of counsel survived the waiver, his specific allegations of ineffective assistance of counsel nevertheless fail. Given the foregoing, the Court hereby

ORDERS that Jose Mauricio Morua's Motion Under 28 U.S.C. 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Civil Instrument No. 1; Criminal Instrument No. 529) is DENIED. The Court further

ORDERS that the United States' Response to Motion for Relief Under 28 U.S.C. § 2255 and Motion to Dismiss (Criminal Document No. 540) is GRANTED.

SIGNED at Houston, Texas, on this 25th day of July, 2005.

*David Hittner*
_____

DAVID HITTNER

United States District Judge